IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-CV-02792-MSK-KMT

FAIRFIELD DEVELOPMENT, INC.
D/B/A FAIRFIELD DEVELOPMENT LP, and
AXIS SURPLUS INSURANCE COMPANY

Plaintiff

v.

J.D.I. CONTRACTOR & SUPPLY, INC.,

Defendant.

---

## JDI CONTRACTOR & SUPPLY, INC.'S MOTION
## FOR RELIEF FROM STIPULATION

Defendant, J.D.I. Contractor & Supply, Inc. ("JDI"), by and through its counsel,
Dewhirst & Dolven, LLC, moves this Court for relief from the stipulation as to Plaintiffs'
claimed damages and states as follows:

### FACTS

Plaintiff, Fairfield Development, Inc. d/b/a Fairfield Development, LP
(hereinafter "Fairfield Development"), purports to bring the subject action as the "owner
and developer" of a construction project referred to as "Dry Creek Village."  Amended
Complaint ¶ 6. **[Doc. # 53-2]**  Fairfield Development claims to have suffered damages as
the result of a fire that occurred on January 13, 2008, and asserts negligence, negligent
supervision and breach of contract against JDI based upon those alleged damages.

Plaintiff-Intervenor Axis Surplus Insurance Company ("Axis") brings this action
in subrogation based upon its purported payments "to or on Fairfield's behalf" to

compensate for the damages allegedly suffered by Fairfield Development, as owner and developer of Dry Creek Village.  Complaint in Intervention ¶ 14.  **[Doc. # 55-2]**

Judge Krieger conducted the Pretrial Conference in this matter on April 6, 2010. At that time, JDI and Plaintiffs entered into a stipulation regarding Plaintiffs' claimed damages in order to dispense with the need for the presentation of witnesses and damages o that issue.  Accordingly, Plaintiffs and JDI included in the Final Pretrial Order **[Doc. # 99]** the stipulation that "plaintiffs suffered damages in the amount of $1,750,000.00 as the result of the fire" (referred to hereinafter as the "Stipulation").

At the Final Trial Preparation Conference before Judge Ebel on December 1, 2010, Plaintiffs disclosed for the first time that Fairfield Development is not and never was the owner and developer of Dry Creek Village.  Accordingly, Fairfield Development did not suffer damages as the result of the fire and Axis did not pay damages "to or on Fairfield's behalf."  The admission regarding Fairfield Development's lack of ownership means that the Stipulation was based on a misrepresentation of fact.  Defendant JDI therefore requests relief from the Stipulation.

## ARGUMENT

Stipulations are generally considered judicial admissions and are routinely accepted as they increase efficiency in the judicial process.  *Vallejos v. C.E. Glass Co.,* 583 F.2d 507, 510 (10th Cir. 1978).  Courts therefore are reluctant to relieve parties from the benefits or detriments of their stipulation.  *Stafford v. Crane,* 382 F.3d 1175, 1180 (10th Cir. 2004).  However, a stipulation is not absolute and will be set aside to prevent manifest injustice.  *Wheeler v. John Deere Co.,* 935 F.2d 1090, 1098 (10th Cir. 1991); *United States v. Montgomery,* 620 F.2d 753, 757 (10th Cir. 1980).  The district court has

broad discretion in deciding wither to enforce a stipulation. *Miller v. Eby Realty Group LLC,* 396 F.3d 1105 (10th Cir. 2005); *Wheeler,* 935 F.2d at 1098.

The stage at which a party requests relief from a stipulation bears heavily on whether the court should grant the relief. *In re Durability, Inc.,* 212 F.3d 551, 556 (10th Cir. 2000). The court must determine whether there are other overriding rules or policy considerations that compel granting or denying such relief. *Id.* If the stipulation is included in a pretrial order, the stipulation may be modified in order to prevent manifest injustice. *Id.; United States v. Sommers,* 351 F.2d 354, 357 (10th Cir. 1965).

On December 6, 2010, the Court directed Defendant JDI to file for relief from the Stipulation and/or to take other appropriate action, such as filing a the Motion for Judgment on the Pleadings, within a week from the Order. JDI hereby timely files its motion for relief from the Stipulation. Defendant JDI has no basis to suggest that the Plaintiffs' misrepresentation regarding the identity of the proper entity as plaintiff was based on anything more than carelessness or negligence. However, the misstatement goes to the most fundamental element of a civil action—the requirement that the action be brought by the real party in interest. *See* Fed. R. Civ. P. 17(a)(1). The Stipulation therefore amounts to a fundamental misstatement of fact; Plaintiffs in fact have not incurred <u>any</u> damages as the result of the fire, much less damages in the amount of $1,750,000. Consequently, as a matter of justice, fairness and equity, this Court should grant Defendant JDI's request and determine that the Stipulation should be nullified.

WHEREFORE, Defendant JDI respectfully requests that this Court determine that that the Stipulation set forth in the Pretrial Order, that "Plaintiffs have incurred damages in the amount of $1,750,000" be determined to be of no force and effect.

Respectfully submitted this 13th day of December 2010.


                                                    */s/ Bradley W. Maudlin*

                                        By:_____
                                                Miles M. Dewhirst
                                                Bradley W. Maudlin
                                                Andrew J. Carafelli
                                                Dewhirst & Dolven, LLC
                                                102 South Tejon Street, Suite 500
                                                Colorado Springs, CO 80903
                                                Phone: (719) 520-1421;
                                                Fax: (719) 633-3387

## CERTIFICATE OF SERVICE

I hereby certify that, on this 13th day of December 2010, and in accordance with

District of D.C.COLO.LCivR 5.1 ¶ F, a true and correct copy of the foregoing was served

via U.S. mail to the following:

Samuel J. Pace, Jr., Esq.
Dugan, Brinkmann, Maginnis & Pace
1880 John F. Kennedy Blvd, Suite 1400
Philadelphia, PA 19103
sjpace@dbmplaw.com
*Attorneys for Plaintiff*

Terence M. Ridley Esq.
E. Martin Enriquez, Esq.
Wheeler Trigg O'Donnell, LLP
1801 California Street, Suite 3600
Denver, CO 80202
ridley@wtotrial.com
enriquez@wtotrial.com
 *Co-Counsel for Plaintiff*


                                        By:   */s/    Denise Morley*_____
                                                Denise Morley, Paralegal

4